UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DEBORAH ELIZABETH GOUCH-ONASSIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | CV425-139 |
| DEPARTMENT OF DEFENSE, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Deborah Elizabeth Gouch-Onassis has filed this case which seeks damages for alleged unlawful employment practices during her employment by the United States at Fort Stewart, Georgia. *See generally* doc. 1. She has also moved to pursue her case *in forma pauperis*, doc. 2, and for permission to file materials electronically, doc. 9. For the reasons explained below, her Motion to proceed *in forma pauperis* is **GRANTED**. Doc. 2. Her Motion for permission to file materials electronically is **DENIED**. Doc. 9. The Court will review her Complaint to determine wither it should be authorized for service in a separate order. *See* 28 U.S.C. § 1915(e)(2); *Boatman v. Sawyer*, 2021 WL 5071849, at *1 (11th Cir. Nov. 2, 2021) (*pro se* plaintiff "filed a motion to

1

proceed *in forma pauperis*, which triggered the district court's screening obligation under 28 U.S.C. § 1915(e)(2)(B) to determine whether the suit was frivolous, malicious, or failed to state a claim.").

Plaintiff's Motion to proceed *in forma pauperis* indicates that she receives $1,578 per month in income from Social Security Disability. Doc. 2 at 1. She also indicates that she has only $50.00 in cash or in her bank accounts. *Id.* at 2. Finally, she discloses $1,618 in monthly expenses. *Id.* Some of the disclosed expenses are clearly discretionary, *see id.* (*e.g.* "Netflix"), but the Court is satisfied that she lacks access to sufficient funds to pay the full filing fee without subjecting her to undue financial hardship. *See, e.g., Thomas v. Sec'y of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009). Her request to proceed *in forma pauperis* is, therefore, **GRANTED**. Doc. 2.

Plaintiff's request for permission to file electronically is presented on a form clearly provided by some other court. *See* doc. 9. It refers to "Local Rule 5-4.1.1," which does not exist in this Court. Because it appears to rely on a procedure provided by that other court's local rules, it does not articulate any particular reason why Plaintiff seeks permission to file electronically. Use of CM/ECF by a *pro se* plaintiff is

not absolutely prohibited, but it is rarely granted. *See Blochowicz v. Wilkie*, 2020 WL 5028224, at *1 (S.D. Ga. Aug. 25, 2020) (Hall, C.J.) ("It is the Southern District of Georgia's policy not to allow *pro se* litigants to utilize electronic filing." (internal quotation marks and citation omitted)). In the absence of any reason why electronic filing is warranted in this case, Plaintiff's motion for electronic filing access is **DENIED**. Doc. 9; *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x. 874, 878 (11th Cir. 2011) (upholding district court denial of electronic filing permission).

    **SO ORDERED**, this 26th day of June, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA