UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DEBORAH ELIZABETH GOUCH-ONASSIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV425-139 |
| DEPARTMENT OF DEFENSE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Deborah Elizabeth Gouch-Onassis filed this case seeking damages for alleged unlawful employment practices during her employment by the United States at Fort Stewart, Georgia. *See generally* doc. 1. The Court previously approved her application to proceed *in forma pauperis*. Doc. 10. In its prior Order, the Court informed Plaintiff that it would "review her Complaint to determine whether it should be authorized for service in a separate order." *Id.* at 1 (citing, *inter alia*, 28 U.S.C. § 1915(e)(2)). But before the Court could complete this mandatory screening process, Plaintiff filed a flurry of documents. *See* docs. 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, & 30. In reviewing Plaintiff's litigation conduct, the Court discovered that she has been

1

designated a vexatious litigant by other courts, including the Supreme Court of the United States. *See In re Deborah E. Gouch-Onassis*, 144 S.Ct. 1471 (2024) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petition in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."); *In re Gouch-Onassis*, 2023 WL 5760843, at * 1 (Bankr. C.D. Cal. Sept. 5, 2023) ("The Debtor has been designated as a vexatious litigant pursuant to Cal. Civ. Proc. Code § 391.7.")  Because Plaintiff's litigation conduct in this case mirrors behavior she has been warned about by other courts, and following the Supreme Court's lead, this Court should require Plaintiff to pay the filing fee before permitting her to proceed.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir 1986).  In particular, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074.  To that end, the court may severely restrict a litigant's filings, but it cannot completely foreclose a

litigant from any access to the courts. *Id.*; *see also Watkins v. Dubreuil*, 820 F. App'x 940, 946 (11th Cir. 2020). Plaintiff's litigation history, both in this case and in other courts, requires the Court to exercise that power here.

First, a review of her conduct in this case. After the Court informed Plaintiff that it would undertake the required screening of her Complaint to determine whether it was sufficient to be served on Defendants, doc. 10 at 1, she submitted six filings over the subsequent six weeks purporting to demonstrate that she had effectuated service of her Complaint on various governmental agencies. *See* docs. 13, 14, 16, 17, 18, & 19. Those attempts at service are insufficient for at least one reason: the Clerk has not yet issued summonses to the Defendants in this case, *see generally* docket, so no Defendant could have been properly served. *See, e.g., McKinley v. F.D.I.C.*, 2015 WL 4476319, at *6-*7 (S.D. Ga. July 22, 2015). Since no Defendant could have been properly served, no Defendant could possibly be in default. *See id.* Therefore, Plaintiff's Application for Entry of Default, doc. 22, is **DENIED**, and her Motion for Hearing, doc. 23, Motion for Video/Telephone Default Judgment Hearing, doc. 24, and Motion of Clarity Motion for Judgment Hearing, doc. 30, are

**DISMISSED AS MOOT**.  Moreover, her repetitive filing of procedurally deficient proofs of service and motions reveals a pattern consistent with the conduct other courts have already determined is vexatious.

As for her Complaint, doc. 1, which she has now amended, doc. 20, attempted to amend again, doc. 21, and sought to backdate, *see* doc. 26, it appears to be substantively identical to a Complaint filed August 16, 2024, in the Central District of California, seeking "redress for the discriminatory and unlawful actions Defendants took against Plaintiff when Plaintiff was constructively discharged on July 23, 1997." *Compare* doc. 1 at 1 *with Gouch-Onassis v. Department of Defense*, 2:24-cv-06992, doc. 1 at 1 (C.D. Cal. Aug. 16, 2024); *see also* doc. 20 at 1; doc. 21 at 1. The Court is, at a minimum, skeptical about Plaintiff's ability to litigate the propriety of alleged employment actions taken almost 30 years ago, particularly where she alleges she received her "right to sue letter" from the Equal Employment Opportunity Commission in June 1999.  Doc. 20 at 7; s*ee also, e.g., Miller v. Georgia*, 223 F. App'x 842, 844-45 (11th Cir. 2007) ("[A] plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC."). Notwithstanding that skepticism, Plaintiff must comply with the

instructions below before the Court will consider the merits of her claim. Therefore, for now, her request that some version of her Complaint be filed *nunc pro tunc* is **DISMISSED AS MOOT**.  Doc. 26.

A review of the docket in her case filed in the Central District of California shows she engaged in much of the same behavior as she is exhibiting here.  *See Gouch-Onassis v. Dep't of Defense*, 2025 WL 806330, at *1 (C.D. Cal. Jan. 26, 2025) (discussing Plaintiff's "repeated submission of Applications for Entry of Default").  Plaintiff's behavior here and in the Central District of California is not an anomaly.  The Supreme Court determined she had so repeatedly abused its process she is now required to pay the docketing fee before the Clerk may accept her filings.  *In re Gouch-Onassis*, 144 S.Ct. 1471.  At least one state court in California has determined her to be a vexatious litigant.  *In re Gouch-Onassis*, 2023 WL 5760843, at *1, *1 n. 6.  Therefore, before the Court considers the merits of her claims, to protect itself from her conduct, it will require her to pay the filing fee.  *Procup*, 792 F.2d at 1073. Proceeding IFP is a privilege, not an entitlement, *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993), and courts have discretion to afford litigants IFP status; it is not

automatic, 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions). The Court's prior Order granting her IFP status is **VACATED**. Doc. 10, in part. Her Motion for Leave to Proceed *In Forma Pauperis* should be **DENIED**. Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

6

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Finally, given Plaintiff's clearly demonstrated ability to file things in this Court, her renewed request for electronic filing is **DENIED**, doc. 15, since she has again not demonstrated why she should be exempt from the usual policy that *pro se* litigants not be permitted to utilize electronic filing. *See* doc. 10 at 2-3; *see also, e.g.*, *Gouch-Onassis v. Dep't of Defense*, 2025 WL 806330, at *1 (C.D. Cal. Jan. 26, 2025) (denying application for permission to file electronically). Insofar as this Order and Report and Recommendation provides Plaintiff with an update on her case, her Motion on Status of Case, doc. 25, is **DISMISSED AS MOOT.**

In summary, the Court's prior Order granting Plaintiff IFP status is **VACATED**, doc. 10, in part, and it is **RECOMMENDED** that her Motion to Proceed IFP be **DENIED**, doc. 2. Plaintiff's Application for Entry of Default, doc. 22, is **DENIED**, and her Motion for Hearing, doc. 23, Motion for Video/Telephone Default Judgment Hearing, doc. 24, and Motion of Clarity Motion for Judgment Hearing, doc. 30, are **DISMISSED AS MOOT**. Plaintiff's Motion for Complaint to be Filed *Nunc Pro Tunc* is **DISMISSED AS MOOT**. Doc. 26. Plaintiff's Motion

Requesting Electronic Service and Documents is **DENIED**.  Doc. 15.

Plaintiff's Motion on Status of Case is **DISMISSED AS MOOT**.  Doc. 25.

    **SO ORDERED**, this 27th day of March, 2026.

                _____

                CHRISTOPHER L. RAY
                UNITED STATES MAGISTRATE JUDGE
                SOUTHERN DISTRICT OF GEORGIA